December 17, 1906.

———O———

No. 4041.

(Court of Appeal, Parish of Orleans.)

## JOSEPH P. MARTINEZ vs. CITY OF NEW ORLEANS ET ALS.

1. A purchaser at tax sale under Act 82 of 1884 does not become the owner of the property until he has paid all the taxes assumed by him, but when he asserts his title he cannot deny the validity of the assessments under which the sale was made.

2. But a party who, after bidding at the sale, discloses that the State's title is void and who abandons the adjudication and does not take title, cannot be regarded as a purchaser. When such party claims ownership by subsequent purchase from the real owner, he is not estopped from attacking the tax sales and the assessments.

3. Under established jurisprudence, assessments in the name

124

of a dead person were, previous to 1890, null; and sales for taxes partly legal and partly illegal are void.

Appeal from Civil District Court Divisions D and C.

Jas. Wilkinson and H. J. Rhodes, for plaintiff and appellant.

Frank N. Butler, for plaintiff.

W. B. Sommerville and F. C. Zacharie, for defendant and appellant.

DUFOUR, J.  Plaintiff, alleging himself to be the owner of certain real estate, sues to annul tax sales to the State and City and to erase certain tax inscriptions bearing upon the property.  The City's answer is that plaintiff acquired from the State at tax sale in 1886 and that the City's tax sale in 1895 was good, and it further urges that Martinez is estopped from denying the validity of the assessments and tax sales involved.

The State plead the general issue and reserved the right to file a plea of estoppel, which has apparently never been filed.

The testimony of Martinez shows that in 1886 he bid on the property when it was offered for sale by the tax collector under Act 82 of 1884.

Finding that the property had been erroneously assessed in the name of one Walker, who had died, several years before, Martinez after he had paid the price of adjudication, abandoned his bid and took no steps to confirm or secure his title.  In 1897, he purchased the property from the heir of Walker, and has since that time exercised acts of ownership over it in a manner which warrants the conclusion that he has been in uninterrupted physical possession from the time of his purchase.  There is no basis for the plea of estoppel.  In Martinez vs. City, 42 An. 677, it was held that a party who claimed to be owner under a tax title could not repudiate his title and deny the validity of the assessment under which the tax sale was made, and did not become owner until he paid the taxes he assumed.

The converse of that proposition is equally true and a party who abandoned a tax adjudication, took no deed and disclaims ownership under a tax title, cannot properly be estopped from attacking the validity of the assessments and cannot be looked upon as a purchaser.

Walker, the former owner died and his succession was opened in 1874, for several years after his death the assessment in his name was continued, and then the property was assessed to his wife and legatee. It was in 1900 only, after his purchase from Miss Walker, that Martinez appeared on the rolls as the party assessed.

Under the circumstances, it is evident that the State never considered that it had sold to Martinez in 1886, and it is too late now to invoke that alleged sale so as to defeat the title under which he claims. 110 La. 236. 115 La. 356.

The sales to State and city both were made for taxes for several years; some of these taxes were levied upon assessments made in the name of a dead man. Under established jurisprudence such assessments were (previous to 1890) void, and the sales for taxes partly legal and partly illegal are void. 49 An. 1445. 52 An. 1568. 115 La. 357.

The judgment is reversed and it is now ordered that the tax sales to the State and the City of New Orleans of the property described in the petition herein be annulled and that the inscriptions thereof, as well as all tax inscriptions bearing on the property up to the year 1894 from the year 1870 be erased, defendants to pay costs of both courts.